UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - GR
February 6, 2023 2:15 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: ⟨B⟩ 2/7

DAVID ANGEL SIFUENTES III,      CASE NO.
       Plaintiff,                  HONORABLE:

V.                                    1:23-cv-143
                                     Robert J. Jonker
ADOBE,                             U.S. District Judge
       Defendant.
_____/

## COMPLAINT

   Now comes, the Plaintiff David Angel Sifuentes III, In Pro Se and submits this complaint and seeking relief for identity theft via data breach, personal information being exposed, along with, password stolen from a data breach from Adobe, which Sifuentes has standing to bring this complaint. *See In re Zappos.com, Inc.*, 884 F.3d 893 (9th Cir. 2018), *Galaria v. Nationwide Mutual Insurance Co. No.*, 663 F.App'x 384 (6th Cir. 2016), invasion of privacy by public disclosure of private facts, negligence, negligent and or intentional infliction of emotional distress, conversion (use of information without permission) breach of bailment, failure to provide safeguard security measures and protection to Sifuentes for the breach, and risk of future injury, and violation of the Gramm-Leach-Bliley Act, Fair Credit Reporting Act (hereinafter (FCRA)) and Fair and Accurate Credit Transactions Act of 2003 (FACTA)., also the Michigan Consumers Protection Act, violation of the Michigan Constitution Art 10, § 2 of Michigan's 1963 Constitution where [p]rivate property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law, Federal Trade Commission's Identity Theft Red Flag the USA patriot Act. Sifuentes is seeking damages of $300,000.00 in damages and punitive damages of $35,000,000.00 for a total of $35,300,000.

   Sifuentes ask this Court to liberally construe his pleadings, legal documents, arguments and not fault him for not citing are applying the correct case law, statute and applicable laws under *Haines v. Kerner*, 404 U.S. 519 (1972). Pro se litigants can be excused from full compliance with technical procedural rule, provided there is substantial compliance. *Norefleet v. Walker*, 684 F.3d

688 (7th Cir. 2012). Court and staff have a special responsibility to scrutinize carefully pro se complaints. *Chapman v. Kleindienst, 507 F.2d 1246, 1253 (7th Cir. 1974)* (district court has responsibility for finding hidden jury demands in the middle of complaints). ). A court must accept all allegations of well-plead factual allegations as true, *League Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007)*, and factual allegations alone is what matters. *Albert v. Carovano, 851 F.2d 561, 571 n.3 (2nd Cir. 1988)*.

## *Jurisdiction*

This court has **both personal and diversity jurisdiction** under this complaint, This court has jurisdiction diversity Jurisdiction as Adobe is a cooperation headquartered at 345 Park Ave, San Jose, CA 95110, and therefore the parties are different citizens and this court has jurisdiction of all civil matters as the damages are more than $75,000 28 U.S.C. § 1332. Sifuentes is seeking damages of $300,000.00 and punitive damages of $35,000,000 which can also be added for jurisdictional purposes. *Hayes v. Equitable Energy Res. Co., 226 F3d 560 (6th Cir. 2001)*. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of Sifuentes state law claims. This court also has personal jurisdiction under the "minimum contacts" rule as Sifuentes received services from Adobe being an account via online in Michigan. Pursuant to MCL 600.711, a Michigan court may exercise general personal jurisdiction over a defendant-corporation if: (1) it is incorporated under the laws of Michigan; (2) the defendant has consented to personal jurisdiction in Michigan; or (3) the corporation "carr[ies] on… a continuous and systematic part of its general business within the state."

Michigan's long-arm statute "has been construed as conferring on the state courts the maximum scope of personal jurisdiction consistent with due process." *Amway Corporation v. Kope Food Products, Inc., 840 F. Supp. 78, 80 (W.D. Mich. 1993)*. The exercise of limited jurisdiction "occurs where 'a State exercises jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Kmart Corp. v. Key Industries, Inc., 877 F. Supp. 1048, 1051 (E.D. Mich. 1994)*, quoting *Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9 (1984)*. Michigan extends limited jurisdiction over nonresident corporations pursuant to MCL § 600.715. Pursuant to Michigan's Long Arm Statute, MCL 600.715, "a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal

jurisdiction" exists when a corporation's acts "create any of the following relationships: (1)[t]he transaction of any business within the state" or "(2) [t]he doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort." In interpreting MCL 600.715, the Michigan Supreme Court has held that "[t]he word 'any' means just what it says. It includes 'each' and 'every.' It comprehends 'the slightest.'" *Sifers v Horen 385 Mich 195, 199 n 2, 188 NW2d 623 (1971).*

## *Complaint*

1. On or about November 2022 Sifuentes found that he was a victim of a data breach from Adobe from Credit Karma (See Exhibit "A") notifying him that his personal information had been compromised since October 2013. Adobe disregarded its users rights by not taking adequate measures to protect their personal and sensitive data, and not notifying its account holders of the breach.

2. Sifuentes has suffered invasion of privacy by public disclosure of private facts where his personal information has been exposed and stolen and taken without him knowing and without permission his personal property being his data from Adobe. Sifuentes has indeed suffered concrete injury in fact, due to the exposure of his financial and personal information. *TransUnion v. Ramirez, 141 S.Ct. 2190 (2021).*

3. Sifuentes is going through negligent and intentional infliction of emotional distress as his personal information has been stolen. Adobe 'intentionally, willfully, recklessly, or negligently" failed to take sufficient measures to safeguard the data. In fact, cyber criminals have had access to Sifuentes data from Adobe. Sifuentes is scared as hackers can commit crimes with his personal information and credit card information. Sifuentes information is also on the dark web as scanned by Experian dark web scan.

4. Bailment, failure to promptly notify of the breach and provide security measures and protection to Sifuentes for the breach, also follow guidelines for data breaches form the Federal Trade Commission.

5. Risk of future and ongoing injury.

6. Violation of the Gramm-Leach-Bliley Act, (FCRA) and (FACTA) by not notifying the credit bureaus of the breach also not taking measures to provide Sifuentes with paid services for identity monitoring, security freezes, and an investigation report. Adobe sells paid subscriptions and has payment information in their data platform which was breached.

7. Sifuentes is seeking $300,000.00 for actual damages for injuries caused by both negligent and intentional infliction of emotional distress such as being very mad, angry, and sacred, worried, nervous and has trouble sleeping and scared of what else hackers whole stole his information will do with his personal information.

8. Sifuentes seeks $35,000,000.00 in exemplary, economic and non-economic damages, compensatory and punitive damages injunctive and declaratory relief as this is calculated from the fines and penalties associated from companies concealing data breaches from victims such as the Equifax which settled for $575,000,000 Capital data breach that settled for $190 million for failing to take action with data breach protocols.

9. Adobe is in violation of the Michigan Consumer Protection Act for deceptive practices by not taking safeguarded measures to protect Sifuentes data and preventing exposure of customers payment information, and not notifying Sifuentes of the breach.

10. Sifuentes is at risk of "present and future retaliation" of Adobe by possibly seeking to knowing and intentionally violate any court rules in order to slander or defame, degrade and put down, Sifuentes character in any way and or refusing to do business for Sifuentes asserting his concerns.

11. Sifuentes also claims the doctrine of unclean hands, as he is acting in good faith and Adobe is acting in bad faith by not taking safeguarded measures to protect the data breach.

12. Under Michigan Constitution Art 10, § 2 of Michigan's 1963 Constitution where [p]rivate property shall not be taken for public use without just compensation therefor being first made for use that is Sifuentes private property his data, email, password, and private information.

13. Adobe has not followed the Federal Trade Commission's Identity Theft Red Flag Rules, which requires that Google take certain protocol to fix the data breach issues and there servers, also to notify every one of the exposure of data.

14. Adobe has violated the USA patriot Act by the data breach which exposed his personal information along with others of the breach leaving it subject to use and potential use by cyber criminals.

15. Adobe has violated California and Michigan data breach laws Cal civil Code Sec. 1798.81.5(d)(1)(A); 1798.82;1798.29, MCL 445.72, by failure to personally notify Sifuentes and other data breach victims and follow security procedures.

## RELIEF REQUESTED

**WHEREFORE,** Sifuentes **PRAYS** that this Honorable court grant relief as follows:

Award Sifuentes $300,000.00 in actual damages for negligent and intentional infliction of ongoing emotional distress for being mad upset and under stress and $35,000,000.00 in exemplary, compensatory and punitive damages injunctive and declaratory relief, for a total of $35,300,000 or in the alternative Award $250,000.00 in actual damages and that Adobe provide Sifuentes with 5 years of LifeLock to help clean and restore Sifuentes identity.

Respectfully submitted,

By:_____
Plaintiff In Pro Se
David Angel Sifuentes III
439 More St. NE
Grand Rapids, MI 49503
(616)283-5215
davidsifuentes61@yahoo.com

DATED: January 31, 2023



David Angel Sifuentes III
439 More off NE
Unit 2
Grand Rapids, MI 49503

Clerk
399
110 M
Grand

