UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

        Plaintiff,                         Hon. Robert J. Jonker

v.                                                Case No. 1:23-cv-143

ADOBE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action against Adobe alleging that he is the victim of a data breach by Defendant which occurred in 2013. (ECF No. 2, PageID.5). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 7), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

I.   Plaintiff's Federal Law Claims

   A.   Gramm-Leach-Bliley Act (GLBA)

Plaintiff alleges that Defendant violated his rights under the GLBA by failing to notify "the credit bureaus" of the data breach and by failing to provide him with various

post-breach services. Plaintiff's claims fail because there is no private right of action for GLBA violations. *See, e.g., Ewideh v. Kohl's Department Stores*, 2022 WL 2181235 at *4 (M.D. Pa., Feb. 4, 2022); *Selmon-Austin v. Wells Fargo Bank*, 2022 WL 3337274 at *4-5 (W.D. Tenn., May 4, 2022) (same). Accordingly, the undersigned recommends that these claims be dismissed.

   B. Fair Credit Reporting Act (FCRA) and Fair and Accurate Credit Transactions Act (FACTA)[1]

Plaintiff alleges that Defendant violated his rights under the FCRA and FACTA by failing to notify "the credit bureaus" of the data breach and by failing to provide him with various post-breach services. Plaintiff's claims fail, however, because the FCRA, as well as the FACTA amendments, apply to "consumer reporting agencies." *See, e.g., Fuges v. Southwest Financial Services, Ltd.*, 707 F.3d 241, 247 (3rd Cir. 2012); *Davenport v. Capio Partners LLC*, 2022 WL 202952 at *5 (M.D. Pa., Jan. 21, 2012); *See, e.g., Arnold v. Bay Finance Co., LLC*, 2022 WL 658137 at *4 (E.D. Cal., Mar. 4, 2022). Plaintiff has not alleged that Defendant is a consumer reporting agency. The exception to this general rule concerns circumstances in which a consumer disputes information provided by an entity to a consumer reporting agency. *See Davenport*, 2022 WL 202952 at *5. Plaintiff fails to allege facts implicating this exception. Accordingly, the undersigned recommends that these claims be dismissed.

---

[1] FACTA amended the FCRA – it is not a separate statutory provision as Plaintiff suggests. *See Arnold*, 2022 WL 658137 at *4.

C.   Risk of Retaliation

Plaintiff alleges that he is "at risk" of retaliation by actions which Defendant might take in the future. Plaintiff lacks standing to assert this claim because his allegations fail to allege that he has suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016). Accordingly, the undersigned recommends that these claims be dismissed.

D.   Failure to Follow Federal Trade Commission Rules

Plaintiff next alleges that Defendant has failed to follow the Federal Trade Commission's Identity Theft Red Flags Rules. As part of the FACTA amendments to the FCRA, the Federal Trade Commission (FTC) was authorized to "prescribe regulations requiring each financial institution and each creditor to establish reasonable policies and procedures to prevent identity theft." *American Bar Ass'n v. F.T.C.*, 636 F.3d 641, 644 (D.C. Cir. 2011). The FTC subsequently promulgated the Red Flags Rules to accomplish this goal. *Ibid.* Plaintiff does not allege that Defendant is a financial institution or creditor. Thus, the FTC's Red Flags Rules have no relevance to Defendant. Accordingly, the undersigned recommends that these claims be dismissed.

E.   Violation of the USA Patriot Act

Plaintiff asserts the conclusion that Defendant has violated the USA Patriot Act. This Act, however, does not authorize private causes of action. *See, e.g., Kraft v. Office of the Comptroller of the Currency*, 2021 WL 1251393 at *4 (D.S.D., Apr. 5, 2021); *Stepp*

*v. Wells Fargo Bank, NA*, 2019 WL 5967943 at *3 (E.D. Ky., Nov. 13, 2019). Accordingly, the undersigned recommends that these claims be dismissed.

II.     Plaintiff's State Law Claims

Plaintiff also asserts various state law claims.   For the reasons discussed below, the undersigned recommends that Plaintiff's state law claims be dismissed without prejudice.

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction."   Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."   *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same).

As discussed above, the undersigned recommends that all Plaintiff's federal law claims be dismissed.   Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint (ECF No. 2) be dismissed. Specifically, the undersigned recommends that Plaintiff's federal law claims be dismissed with prejudice, his state law claims be dismissed without prejudice, and this action be terminated.

For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 9, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge